IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILIP C. JAMES, et al., | § | NO. 5:22-CV-00051-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| GLENN ALLEN HEGAR JR., et al., | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

## ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE AND ADMINISTRATIVELY CLOSING CASE

On September 13, 2022, Defendants filed a Notice of Interlocutory Appeal with the Court.  (Dkt. # 44.)  In light of the pending appeal, the Court finds that an administrative closure of the case is appropriate at this time.  An administrative closure is "a postponement of proceedings," rather than "a termination."  S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004).  A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."  Mire v. Full Spectrum Landing, Inc., 389 F.3d 163, 167 (5th Cir. 2004).

Accordingly, Plaintiff's Motion to Compel (Dkt. # 39) is **DENIED WITHOUT PREJUDICE**, subject to re-filing after appellate proceedings are completed.

The Clerk's office is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court.  Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.  The parties should notify the Court within **7 days of the Fifth Circuit's ruling**.

      **IT IS SO ORDERED**.

      **DATED**: San Antonio, Texas, November 3, 2022.

_____
Hon. David Alan Ezra
Senior U.S. District Judge